**O**

JS-6

```
cc: order, docket, remand letter to
Los Angeles Superior Court, Northwest District
Van Nuys, No. 11B 00132
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>RUBEN ORTIZ,<br><br>                Defendant.<br>_____ | CASE NO. CV 11-750 ODW (VBKx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12] |

      Currently before the Court is Plaintiff Federal Home Loan Mortgage Corporation's ("Plaintiff") Motion to Remand. (Dkt. No. 12.) The Court deems the matter appropriate for decision without oral argument, *see* Fed. R. Civ. P. 78; L.R. 7-15, and for the following reasons, the Court **REMANDS** the case to Los Angeles County Superior Court.

      Plaintiff instituted this unlawful detainer action in state court on January 10, 2011. On January 25, 2011, Defendant Ruben Ortiz ("Defendant") removed this case alleging jurisdiction under 28 U.S.C. §§ 1332 and 1443. (Dkt. No. 1.) The Court, however, lacks

1

subject matter jurisdiction in this case. Particularly, a federal question does not present itself in an unlawful detainer action. *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). In addition, diversity jurisdiction does not exist in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. 28 U.S.C. § 1332(a). Here, Defendant's removal fails to establish complete diversity between the parties. Also, from the face of Plaintiff's complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs. Thus, diversity jurisdiction is lacking.

Furthermore, Defendant contends that removal is proper pursuant to 28 U.S.C. § 1443. Section 1443 provides that a Defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Section 1443(1) presents a "specific and extremely narrow" ground for removal. *Davis v. Superior Ct. of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966)." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* at 999 (quotation omitted).

Here, Defendant's allegations in his removal papers do not meet this two-part test. Bare assertions as to the fact that Defendant "will at trial show that there is a state law

preventing him from raising his federal claims in state court" simply is not enough to support removal pursuant to § 1443. As the Supreme Court noted:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . . Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.
>
> *See Peacock*, 384 U.S. at 827-28.

Since Defendant has failed to show that the state courts will not enforce his federal civil rights, removal under § 1443(1) is improper.

In light of the foregoing, no subject matter jurisdiction exists. The Court, therefore, **REMANDS** this case to Los Angeles County Superior Court. The August 15, 2011 hearing is hereby **VACATED**. The Clerk of Court shall close this case.

IT IS SO ORDERED.

July 25, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE